Memorandum. Order reversed, with costs in all courts, and the motion styled as one for discovery denied.
Assuming that the motion is one for discovery made under CPLR 408, 3101, and 3102, and that a proceeding brought under subdivision 12 of section 63 of the Executive Law is not exempt from discovery relief, it was an abuse of discretion, as a matter of law, to extend the relief in this case (see dissenting opn of Mr. Justice Samuel J. Silverman at the App Div [52 AD2d 17, 20] for an accurate description of the paucity of support for the relief sought in the moving papers and the litigation tactics involved). The record provides ample detail and definition of the alleged practice attacked as fraudulent by the Attorney-General, including, in the respondents’ own promotional material, some support, circumstantially, for the petitioner’s allegations. Had a proper case been made for relief in the nature of true discovery, the scope of relief would normally rest in the discretion of the courts below, the exercise of which this court would not review in the absence of an abuse of discretion as a matter of law. In this case, however, respondents’ purpose, barely concealed, was to uncover the scope of the Attorney-General’s investigation and perhaps discourage prospective witnesses.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs in all courts, and respondents’ motion denied in a memorandum. Question certified answered in the negative.